UNITED STATES of America,
Plaintiff–Appellee,

v.

Antonio ARREDONDO–SANTOS,
Defendant–Appellant.

No. 89–2173.

United States Court of Appeals,
Tenth Circuit.

Aug. 21, 1990.

Presiliano Torrez, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Charles A. Harwood (James B. Foy with him on the brief), Silver City, N.M., for defendant-appellant.

Before LOGAN, BALDOCK and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Arredondo–Santos having pled guilty to the crime of possession with intent to distribute less than fifty kilograms of marijuana, appeals his sentence of thirty months.

Mr. Arredondo–Santos asserts only one issue on appeal, and that is did the district court err when it refused to decrease his offense level by two levels based upon Mr. Arredondo–Santos' contention that he was

but a minor participant in the criminal activity? [1]

The Government and Mr. Arredondo–Santos entered into a written plea agreement, which included a stipulation "that pursuant to § 3B1.2(b), the defendant was a minor participant in the criminal activity alleged in the indictment herein." This plea agreement further provided that the defendant (Mr. Arredondo–Santos) understands that "this stipulation is not binding on the Court and that whether or not the Court accepts this stipulation is solely in the discretion of the Court after it has reviewed the pre-sentence report."

A presentence report was then prepared and filed, which indicated that Mr. Arredondo–Santos was not entitled to a reduction of two offense levels for being a minor participant in the crime. This presentence report specified the offense conduct. It can be summarized as stating that Mr. Arredondo–Santos was driving a van, with a passenger, which was stopped at the United States–Mexico border. It was subsequently determined that concealed within the van was about 100 pounds of marijuana. Mr. Arredondo–Santos first claimed that, while he was in Mexico, he loaned his van to a man he had met several years ago and that this man must have concealed the marijuana in the van with the intent of recovering it later. Subsequently, Mr. Arredondo–Santos admitted that he knowingly transported the marijuana, which he had obtained in Mexico, and the marijuana was destined for Riverside, California.

Mr. Arredondo–Santos filed no written objections to the presentence report. Counsel for Mr. Arredondo–Santos said there was no need for an evidentiary hearing. He further stated that the defendant did not contest the facts as set forth in the presentence report. However, Mr. Arredondo–Santos argued at the sentencing hearing that he should receive a two-level reduction in the offense level. He contended that he was a mere driver and was less culpable than the people who purchased and sold the drugs; that he was less culpable than the owner of the marijuana; and that there was no evidence indicating that he had loaded or unloaded the marijuana or that he had concealed the marijuana in his van.

After hearing the arguments of Mr. Arredondo–Santos, the court stated:

I don't find that a driver under these circumstances is a minimal or minor participant. Obviously the system breaks down without people such as the defendant to transport the narcotics. So I don't find that he is a minor participant.

On appeal, Mr. Arredondo–Santos reiterates the same arguments advanced to the district court. The arguments can be summarized as stating that Mr. Arredondo–Santos contends that marijuana distributing operations usually involve many individuals with various responsibilities and that a "courier or mule," whose sole function is to drive the marijuana from point A to point B, should be classified as a minor participant.

We first address the stipulation of the parties. Mr. Arredondo–Santos correctly makes no argument to this court that the stipulation was binding upon the district court.

■ Mr. Arredondo–Santos contends that the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines. We must accept the findings of fact of the district court unless they are clearly erroneous. 18 U.S.C. § 3742(d)(2). A finding that a defendant is or is not a minor participant is a finding of fact. *United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989) (citing *United States v. Franco–Torres*, 869 F.2d 797, 800 (5th Cir.1989)). We give due deference to the district court's application of the Sentencing Guidelines to the facts. 18 U.S.C. § 3742(e); *United States v. Smith*, 888 F.2d 720, 723 (10th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990).

---

**1.** Section 3B1.2(a) of the Sentencing Guidelines provides for decreasing the base offense level by four levels if the defendant is classified as a "minimal participant." No such claim is made in this case.

■ The facts are undisputed. Mr. Arredondo–Santos was apprehended with a quantity of marijuana concealed in his van. Mr. Arredondo–Santos had obtained the marijuana in Mexico and was attempting to transport it to California. We will accept Mr. Arredondo–Santos' contention that he was a courier. Couriers are indispensable to any drug-dealing network.

Section 3B1.2(b) of the Sentencing Guidelines provides for a two-level decrease in the offense level if the defendant was a "minor participant in any criminal activity." The commentary defines a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Commentary, Application Note 3.

■ It is obvious that the decision to utilize this downward adjustment is heavily dependent upon the facts. *See* § 3B1.2 commentary (background). For this reason, this court will adopt no per se rule allowing a downward adjustment due solely to the fact that the defendant was a courier of illegal drugs. For cases reaching similar conclusions, *see Sanchez–Lopez,* 879 F.2d at 557–58; *United States v. Daughtrey,* 874 F.2d 213, 218–19 (4th Cir. 1989); *United States v. Wright,* 873 F.2d 437, 442–43 (1st Cir.1989); *United States v. Nunley,* 873 F.2d 182, 186–87 (8th Cir. 1989); *United States v. Gallegos,* 868 F.2d 711, 713 (5th Cir.1989); *United States v. Buenrostro,* 868 F.2d 135, 137–39 (5th Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

When a crime is committed by two or more persons, one will almost always have a different level of participation. One may have conceived the plan; another may have financed the crime; another may have provided automobiles or tools; and yet another may be the distributor. To argue that one of these participants is more or less culpable than another is not productive. The services or contribution of each may be indispensable to the completion of the crime.

The commentary instructs us to weigh the culpability of one participant against that of another. Culpability is usually defined as being responsible for the wrong or blameworthy. In the instant case, the defendant obtained the marijuana and was delivering it to California. Assuming there were other participants, Mr. Arredondo–Santos cannot complain that he was less culpable than the people who sold or purchased the drugs. We also note that there exists no evidence in the record that there were other participants. When culpability must be weighed, evidence must exist of other participants and their role in the criminal activity.

Given these facts, and giving to the district court due deference, we cannot say the district court erred.

The decision of the district court is AFFIRMED.