**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lynette CARTER, Defendant–Appellant.**

**No. 91–2243.**

United States Court of Appeals, Tenth Circuit.

July 31, 1992.

---

David Williams, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., and Presiliano A. Torrez, Asst. U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Charles R. Finley of Warner & Finley, Albuquerque, N.M., for defendant-appellant.

Before ANDERSON, Circuit Judge, and McWILLIAMS and SNEED *, Senior Circuit Judges.

McWILLIAMS, Senior Circuit Judge.

Lynette Carter was charged in a one-count indictment with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D). Carter and the United States Attorney later presented to the district court a memorandum of understanding wherein Carter agreed to plead guilty to the charge, and Carter and the government agreed to certain stipulations which both recognized as being nonbinding on the district court. One of these stipulations was that Carter was only a minimal participant and pursuant to Sentencing Guidelines § 3B1.2(a) was entitled to a decrease in her base offense level of 4 levels.

At sentencing, the district court declined to find that Carter was only a minimal participant, and rejected the ensuing suggestion of counsel that at least Carter be deemed a minor participant and thereby entitled to have her base offense level decreased by 2 levels. Carter was then sentenced to a term of 15 months imprisonment and 3 years supervised release upon her release from confinement. Carter appeals her sentence, claiming that the district court erred in declining to find that she was a minimal participant and entitled to a decrease in her base offense level of 4 levels or, in the alternative, that she was

---

* Honorable Joseph T. Sneed, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

only a minor participant and entitled to a 2-level reduction in her base offense level.

Sentencing Guidelines § 3B1.2 provides as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

■■■ As indicated, the only issue on appeal is whether the district court erred in declining to find that Carter was entitled to a reduction of her base offense level because her participation in the criminal activity was either minimal or minor. Both parties agree that their stipulation that she was a minimal participant was not binding on the district court. Both further agree that the district court's finding that Carter was neither a minimal nor minor participant is a finding of fact which on appeal must be accepted by us unless clearly erroneous. *United States v. Calderon–Porras*, 911 F.2d 421 (10th Cir.1990). Both agree also that Carter had the burden of establishing by a preponderance of the evidence that she was a minimal or minor participant. *United States v. Caruth*, 930 F.2d 811 (10th Cir.1991).

■■■ Carter's basic argument is that because she was only a drug courier she should have been granted a 4-level decrease as a minimal participant, or, at the least, a 2-level decrease as a minor participant. In this connection counsel agree that a courier is not automatically entitled to a reduction in base offense level as a minimal or minor participant, but counsel for Carter argues that under the facts and circumstances of this case the district court was clearly erroneous in not finding that she was a minimal or at least a minor participant.

At sentencing, the only evidentiary matter before the district court was the presentence report. From that report we learn that Carter was a passenger on an Amtrak train en route from Los Angeles, California, to Chicago, Illinois. During a stop in Albuquerque, New Mexico, a DEA special agent and a border patrol agent boarded the train. After detecting the smell of marijuana and tracing it to a soft-sided suitcase with the name L. Carter on the tag, the agents questioned the appellant who was the only Carter on board. Carter denied that the luggage was hers. Determining that the suitcase had been abandoned, the agents conducted a search of the bag. The search of the luggage disclosed approximately 42 pounds of marijuana. Carter was then placed under arrest at Lamy, New Mexico. It was later determined that the marijuana had been placed in Carter's luggage by persons in Los Angeles with whom she had been visiting and was for ultimate delivery to persons in Boston, Massachusetts. Carter subsequently agreed that she knew she was transporting marijuana and that she expected to be compensated for her efforts.

In the presentence report the Probation Officer set Carter's base offense level at 16. In so doing, the Probation Officer stated that the "instant offense" involved 42.3 net pounds of marijuana, which amount was the equivalent of 19.18 net kilograms of marijuana, and that under the drug quantity table, 10 to 20 kilograms of marijuana establishes a base offense level of 16. There is no objection by counsel to the establishment of Carter's base offense level at 16.

The Probation Officer recommended an upward adjustment of 2 levels in Carter's base offense level for her obstruction of justice. The district court declined to find that Carter had obstructed justice and accordingly Carter's base offense level remained at 16. The government has not challenged the determination that Carter did not obstruct justice.

The Probation Officer also recommended that Carter be given no downward adjustment of her base offense level for her acceptance of responsibility. The district court did not follow this recommendation, and notwithstanding the Probation Officer's recommendation accorded Carter a downward adjustment of 2 levels for her acceptance of responsibility, making her adjusted base offense level 14. The

government does not challenge this determination.

Carter had a criminal history of zero, placing her in a criminal history category of I. Using the Sentencing Table in the Sentencing Guidelines, imprisonment for a person with a base offense level of 14, and a criminal history category of I, is 15 to 21 months. As indicated, the district court sentenced Carter to 15 months imprisonment, the minimum allowed by the guidelines.

As far as we can tell, the Probation Officer, although noting that Carter and the government had "stipulated" that Carter was entitled to a downward adjustment in her base offense level of 4 levels because of her minimal participation in the criminal activity, did not make any recommendation as to either minimal or minor participation. However, as above indicated, the district court declined to make a downward adjustment based on minimal participation and rejected the ensuing suggestion of counsel that Carter be given a 2 level reduction based on minor participation.

Our study of the matter leads us to conclude that the district court's finding that Carter failed to prove by a preponderance of the evidence that she was a minimal or minor participant is not clearly erroneous and on appeal must be upheld. The pre-sentence report was the only evidentiary matter before the district court at sentencing, and Carter did not object to any "facts" in the presentence report. As indicated, Carter was arrested in the course of a cross country train ride with 42 pounds of marijuana secreted in her luggage. Of course there were others involved but such does not necessarily mean that Carter was only a minimal or minor participant. A courier is an essential cog in any drug distribution scheme and in the instant case transporting 42 pounds of marijuana from Los Angeles, California to Boston, Massachusetts, was apparently quite important to all parties.

We recognize that Application Note 2 under Sentencing Guideline § 3B1.2 provides that although downward adjustment for a minimal participant "will be used

infrequently", such would be appropriate, for example, "for someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." In our view that note did not require the district court to grant Carter a downward reduction in her base offense level for being a minimal participant.

In support of our disposition of this matter, see such cases as *United States v. McCann*, 940 F.2d 1352 (10th Cir.1991); *United States v. Caruth*, 930 F.2d 811 (10th Cir.1991); *United States v. Maldonado–Campos*, 920 F.2d 714 (10th Cir.1990); *United States v. Arredondo–Santos*, 911 F.2d 424 (10th Cir.1990); and *United States v. Calderon–Porras*, 911 F.2d 421 (10th Cir.1990).

In *Arredondo–Santos*, we spoke as follows:

When a crime is committed by two or more persons, one will almost always have a different level of participation. One may have conceived the plan; another may have financed the crime; another may have provided automobiles or tools; and yet another may be the distributor. To argue that one of these participants is more or less culpable than another is not productive. The services or contribution of each may be indispensable to the completion of the crime.

*United States v. Arredondo–Santos*, 911 F.2d 424, 426 (10th Cir.1990).

In the instant case Carter's services as a courier were as indispensable to the completion of the criminal activity as those of the seller in Los Angeles and the buyer in Boston, and we agree that to debate which one is less culpable than the others "is not productive." It is akin to the old argument over which leg of a three-legged stool is the most important leg.

We reject any suggestion that the district court was of the view that it could not make a reduction for minimal or minor participation because Carter was the only one in this criminal activity charged with a

criminal offense. The record indicates to us that the district court was simply of the view that Carter had not shown by a preponderance of the evidence that she was only a minimal or minor participant.

Judgment affirmed.