UNITED STATES of America,
Plaintiff/Appellee,

v.

Margarito GARCIA,
Defendant/Appellant.

No. 91–6280.

United States Court of Appeals,
Tenth Circuit.

Feb. 17, 1993.

Frank Michael Ringer, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., and Leslie M. Kaestner, Asst. U.S. Atty., with him on the brief), Oklahoma City, OK, for plaintiff/appellee.

Paul Antonio Lacy, Oklahoma City, OK, for defendant/appellant.

Before HOLLOWAY and SEYMOUR, Circuit Judges, and ROGERS, District Judge.[*]

ROGERS, District Judge.

Margarito Garcia was charged in the first three counts of a 13-count superseding indictment with: conspiracy to distribute marijuana (count one); distribution of 42 pounds of marijuana on or about January 5, 1991 (count two); and distribution of 50 pounds of marijuana on or about January 18, 1991 (count three). A jury found Garcia guilty of count one and count three. Garcia was acquitted on count two. Garcia appeals his sentence of 55 months for each conviction to be served concurrently, and two three-year terms of supervised release also to run concurrently. He was sentenced pursuant to the sentencing guidelines. Garcia argues: that the base offense level was improperly calculated; that the sentencing judge's consideration of information related to the 42-pound distribution charge (count two) in determining the sentence for count one and count three violated the Double Jeopardy Clause; and that his due process rights were violated by the sentencing judge's reliance upon materially false or unreliable information.

■ We review Garcia's legal arguments under a *de novo* standard. *U.S. v. Coleman*, 947 F.2d 1424, 1426 (10th Cir.1991) *cert. denied*, —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992). The sentencing judge's factual findings are entitled to acceptance unless they are clearly erroneous, and the sentencing judge's application of the guidelines to the facts is entitled to due deference. *Id.* at 1426–27; 18 U.S.C.

§ 3742(e). After careful consideration, we affirm defendant's sentence.

At trial, the government presented evidence that on January 6, 1991, Earl Calloway was arrested with 42 pounds of marijuana. He purchased this marijuana from Jimmy Jess Guest. Calloway cooperated with law enforcement officers and helped set up a large purchase of marijuana from Guest. The police raided Guest's house on January 18, 1991. They found 62 pounds of marijuana and arrested Vache Strickler, Guest, and a juvenile at the house. Following his arrest, Strickler also cooperated with the police. He stated that earlier that day he had delivered 50 pounds of marijuana, which he received from defendant Garcia, to Guest's house. Strickler further stated that he was going to pass more marijuana to Guest from Garcia after he presented payment for the first 50 pounds. While the police were present, Strickler called Garcia to arrange a place to make the payment. Garcia was arrested near this location and admitted that the 50 pounds of marijuana was his. Two days after his arrest, on January 20, 1991, Garcia told Special Agent Andrew Irwin of the Immigration and Naturalization Service that he was planning to deliver 50 more pounds of marijuana to Strickler, or a total of 100 pounds, on January 18, 1991. Vache Strickler testified at trial that he delivered 42 pounds of marijuana to Guest prior to January 6, 1991. This delivery was made in two installments. Strickler said he received the marijuana from defendant Garcia.

■ Garcia's first argument on appeal advances three reasons for finding that the base offense level was figured incorrectly. First, he contends that the guidelines do not permit the sentencing judge to consider allegations relating to the distribution of 42 pounds of marijuana, since he was acquitted of this conduct, and that it was also incorrect to consider the claim that he was poised to deliver 50 more pounds of marijuana to Strickler. This court has previous-

* The Honorable Richard D. Rogers, United States District Court Judge for the District of Kansas, sitting by designation.

ly held it is permissible for a sentencing court to consider conduct related to an offense upon which the defendant has been acquitted. *U.S. v. Eagan*, 965 F.2d 887, 892 (10th Cir.1992); *U.S. v. Coleman, supra*, 947 F.2d at 1428–29. Therefore, we reject the contention that the sentencing court was barred by the guidelines from considering evidence relating to the charge that Garcia distributed 42 pounds of marijuana on or about January 5, 1991. We also find adequate support in the record for the sentencing court's conclusion that Garcia was involved in a plan to distribute an additional 50 pounds of marijuana on January 18, 1991. Therefore, we reject Garcia's first attack against the sentencing court's calculation of his base offense level.

■ Garcia next contends his base offense level was miscalculated because he did not receive a downward adjustment, pursuant to U.S.S.G. § 3B1.2, for his alleged minor role in the offenses of conviction. Garcia asserts he was only a minor participant in the drug transactions at issue because he served only as a "go-between" who received and filled Strickler's orders for marijuana from Garcia's source. Garcia had the burden of proving a downward adjustment for his role in the offense was warranted. *U.S. v. Carter*, 971 F.2d 597, 600 (10th Cir.) *cert. denied*, — U.S. ——, 113 S.Ct. 628, 121 L.Ed.2d 560 (1992).

■ The sentencing judge found Garcia was "simply in the middle with a lot of other people and he deserve[d] neither an increase or a decrease based on his role in the offense." R., Vol. III, p. 11. The judge's factual findings are to be accepted unless clearly erroneous, and her application of the guidelines to the facts is entitled to due deference. *U.S. v. Calderon-Porras*, 911 F.2d 421, 422 (10th Cir.1990).

We side with the conclusions of the sentencing judge. The record in this case suggests a chain of distribution in which each link knew who he got marijuana from and to whom he was passing it. But, no one seemed to know, much less direct, all the roles of the links in the chain. Garcia's knowledge and activity in the events of this case do not set him apart as a minor partic-

ipant. *Cf., U.S. v. Rios–Ramirez*, 929 F.2d 563, 565 (10th Cir.1991) (drug courier not entitled to two-level adjustment to the base offense level as a minor participant in the offense); *U.S. v. Carter, supra* (same). Therefore, we reject his claim to a two-point downward adjustment under U.S.S.G. § 3B1.2.

Garcia's final argument against the base offense level calculated by the sentencing judge is that he should have received credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Garcia contends this is one of the "rare situations" in which credit for acceptance of responsibility can be given to a defendant who proceeded to trial. According to Garcia, he gave a full statement to the police after he was arrested and only went to trial to contest the charge in count two, upon which he was acquitted. He asserts he should not be forced to accept responsibility for a charge upon which he was acquitted.

The sentencing judge noted that Garcia never accepted responsibility for the 42 pounds or the additional 50–pound delivery and remarked, "Mr. Garcia does not fall under any situation, even remotely stretching the facts, that would entitle him to an acceptance of responsibility adjustment." R., Vol. VII, p. 10.

■ Under the sentencing guidelines, a defendant is entitled to a two-level reduction for acceptance of responsibility if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his offense." U.S.S.G. § 3E1.1. The trial court's decision not to grant such a reduction is reviewed under a clearly erroneous standard. *U.S. v. Ochoa-Fabian*, 935 F.2d 1139, 1142 (10th Cir.1991) *cert. denied*, — U.S. ——, 112 S.Ct. 1565, 118 L.Ed.2d 211 (1992).

■ In this case, Garcia forced the government to go to trial upon all three counts, not just the count upon which he was acquitted. He now denies his involvement in a conspiracy to distribute *100* pounds of marijuana as alleged in count one, in spite of Special Agent Irwin's account of Garcia's statement on January 20,

1991. Under these circumstances, it was not clearly erroneous for the sentencing judge to find that Garcia had failed to clearly demonstrate acceptance of responsibility. *See U.S. v. Davila,* 964 F.2d 778, 784 (8th Cir.) *cert. denied,* — U.S. —, 113 S.Ct. 438, 121 L.Ed.2d 358 (1992) (admission of involvement in offense of conviction and offer of cooperation does not require credit for acceptance of responsibility where defendant put government to burden of proof on all counts). Therefore, we reject Garcia's final argument against the calculation of his base offense level under the guidelines.

■ Garcia's second argument on appeal is that his sentence was imposed in violation of the Double Jeopardy Clause because the sentencing judge considered the conduct alleged in the count upon which he was acquitted. This court rejected the same double jeopardy argument in *U.S. v. Johnson,* 911 F.2d 1394, 1400–02 (10th Cir. 1990) *cert. denied,* — U.S. —, 111 S.Ct. 761, 112 L.Ed.2d 781 (1991), finding there was no separate punishment for the acquitted crime, only an enhancement of the sentence of the convicted crime. *See also, U.S. v. Coleman, supra.* We shall continue to follow this holding and reject Garcia's double jeopardy challenge.

■ Finally, Garcia contends his sentence was imposed in violation of his due process rights because the sentencing court relied upon false and unreliable information linking Garcia to the 42 pounds of marijuana described in count two and the plan to make a second 50–pound delivery of marijuana on January 18, 1991. After a careful review of the record, we reject this argument. Garcia has failed to demonstrate that the factual findings of the sentencing judge are clearly erroneous or that the findings are based on unreliable evidence. We find that the testimony of Vache Strickler is internally consistent, particularly with respect to the distribution of the 42 pounds of marijuana. Strickler's testimony is also consistent with the testimony of other witnesses in the case. Some inconsistencies may be found. But, this does not mandate that Strickler's testimony

be thrown out entirely. The findings of the sentencing judge are also supported by the testimony of Special Agent Irwin and other law enforcement officers, who are unassailed by Garcia. Special Agent Irwin recounted Garcia's statement that he had arranged to make a second 50–pound delivery of marijuana to Strickler on January 18, 1992. The sentencing judge had the opportunity to view Strickler's testimony and the testimony of other witnesses during two days of hearings upon the sentencing issues raised by Garcia and his co-defendants. Her findings are entitled to deference from this court. After our review of the record, we are convinced there was sufficient competent evidence to support the findings of the sentencing judge and that defendant's due process rights were not violated.

Defendant Garcia's sentence is AFFIRMED.