989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Jorge BAYONA, Jr., Defendant-Appellant.
 No. 92-2153.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1993.
 
 Before LOGAN, HOLLOWAY and JOHN P. MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Defendant Jorge Bayona, Jr., entered a conditional guilty plea to possession with intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He appeals the district court's denial of his suppression motion and its failure to decrease his offense level by two points on the basis that he was a minor participant within the contemplation of U.S.S.G. § 3B1.2(b).
 
 
 2
 Defendant was arrested by two Border Patrol agents near Las Cruces, New Mexico, just before dawn on November 27, 1991. The agents had observed defendant's car about half a mile ahead of them on a dirt road bypassing a border checkpoint on Interstate 25. Because it was still dark and only the car's tail lights were visible, the agents followed defendant to determine what type of vehicle he was driving. Defendant was traveling relatively fast, and the agents reached a speed close to sixty m.p.h. trying to catch up to him. After a few minutes, the agents lost sight of defendant's vehicle when he rounded a sharp bend in the road. When they rounded that bend themselves, they saw defendant's car parked approximately one hundred yards away and observed defendant approximately ten yards from the car, apparently urinating.
 
 
 3
 When the agents pulled in behind defendant's vehicle, defendant approached them. Agent Bonner asked defendant if he was a United States citizen, and he replied that he was. Agent Lucio asked if there was anyone else in the car, and defendant replied that there was not. Agent Bonner approached defendant's car to confirm that no one else was inside. He shined his flashlight into the car and observed a brown paper package wrapped in silver duct tape on the passenger side floorboard, and a cellophane wrapped package containing a green, leafy substance in the back of the vehicle. Through the open driver's side window, Agent Bonner recognized the odor of marijuana. The agents immediately placed defendant under arrest and recovered 153 pounds of marijuana from the car.
 
 
 4
 In denying defendant's motion to suppress, the district court found that there was no evidence that defendant stopped because the agents were following him. Although we review the district court's factual finding under the clearly erroneous standard, United States v. Bloom, 975 F.2d 1447, 1450 (10th Cir.1992), the district court's ultimate determination of this issue is a question of law, United States v. Ward, 961 F.2d 1526, 1534 (10th Cir.1992), which we review de novo. Bloom, 975 F.2d at 1450.
 
 
 5
 The Supreme Court has made it clear that not all police-citizen encounters implicate the Fourth Amendment. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). Although the Supreme Court has characterized this restraint of a citizen's liberty in a number of different ways, the central principle has remained constant. Our inquiry is an objective one: whether the officer's conduct would have conveyed to a reasonable person that he was being ordered to restrict his movements. See Florida v. Bostick, 111 S.Ct. 2382, 2387 (1991) ("[T]he appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter."); Michigan v. Chesternut, 486 U.S. 567, 569 (1988) (Police conduct does not amount to a Fourth Amendment seizure if "it would not have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business."); INS v. Delgado, 466 U.S. 210, 216 (1984) ("Unless the circumstances of the encounter are so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave if he had not responded, one cannot say that the [police] questioning resulted in a detention under the Fourth Amendment."); United States v. Mendenhall, 446 U.S. 544, 554 (1980) (opinion of Stewart, J.) ("[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."); Ward, 961 F.2d at 1530 (same).
 
 
 6
 Here the district court refused to conclude that defendant stopped because the Border Patrol Agents were pursuing him. This finding is supported by the record. The agents followed defendant for three or four minutes on a dark road from up to half a mile away. Before defendant pulled over to the side of the road, the agents were never closer than one hundred yards behind him. Although they were in a marked car, they never activated their overhead lights or siren. The agents were not even certain that defendant was aware of their presence. This conduct is not consistent with a show of authority implicating the Fourth Amendment.[1] The ensuing conversation between the agents and defendant was therefore voluntary. See Florida v. Royer, 460 U.S. 491, 497 (1983) (plurality opinion) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [and] by putting questions to him if the person is willing to listen...."); Delgado, 466 U.S. at 216 ("[I]nterrogation relating to one's identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure."). We affirm the district court's holding that the evidence obtained from defendant's car was admissible.
 
 
 7
 Defendant also contends that he was entitled to a two point decrease in his offense level as a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). We must accept the district court's determination to the contrary unless it is clearly erroneous. United States v. Carter, 971 F.2d 597, 599 (10th Cir.), cert. denied, 113 S.Ct. 628 (1992). Defendant must prove his minor participation by a preponderance of the evidence. Id. The only evidence defendant offered to show lack of culpability was his presentence report, which described defendant's status as a high school graduate, his employment as a car salesman for much of his adult life, and his lack of assets. Defendant contends the district court should have inferred that he could not have understood the scope and structure of the criminal enterprise and that his only role was to transport this single shipment.
 
 
 8
 We have observed that "[a] courier is an essential cog in any drug distribution scheme," id. at 600, and that mere courier status does not entitle a defendant to a § 3B1.2 reduction. United States v. Calderon-Porras, 911 F.2d 421, 423-24 (10th Cir.1990). The district court did not commit clear error in rejecting defendant's description of his socioeconomic status and employment history as insufficient to establish by a preponderance of the evidence his minor participation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although we evaluate the agents' conduct on only an objective basis, we note that defendant's relieving himself by the side of the road at the point at which the agents caught up with him further indicates that he did not pull over in response to a show of authority, and that he felt free to "ignore the police presence and go about his business." Chesternut, 486 U.S. at 569