996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James McGEE, Defendant-Appellant.
 No. 92-6403.
 United States Court of Appeals, Tenth Circuit.
 June 4, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 James McGee appeals his sentence of fifteen months upon a plea of guilty to one count of using a telephone to facilitate a marijuana transaction. Defendant maintains the trial court erred by not granting him a reduction as a minor participant and access to a medical report. We affirm.
 
 
 2
 As a member of a large marijuana conspiracy, Mr. McGee was charged with making two telephone calls. The first was to order twenty pounds of substance and the second to order eight pounds. The first order was not delivered, but Mr. McGee received the second and sold it. He now argues the district court failed to place his participation in the overall conspiracy into proper context. Recognizing he has the burden of demonstrating his entitlement to such a downward adjustment based on his role in the offense, United States v. Caruth, 930 F.2d 811, 812 (10th Cir.1991), defendant nonetheless urges if the trial court had compared him to the other conspirators it would have concluded he was a minor participant as that term is employed in U.S.S.G. § 3B1.2(b).
 
 
 3
 The district court refused to grant the adjustment because defendant had received a lower offense level than warranted by his actual conduct as provided in Application Note 4 to § 3B1.2. The court pointed out for sentencing purposes defendant was not credited with the entire quantity of drugs involved in the whole conspiracy; therefore, by restricting the amount of drugs to his personal activities, he received a substantial sentencing benefit. That conclusion is within the specific language of the application note and supported by our previous views.
 
 
 4
 Whether a defendant is entitled to a downward adjustment is a question of fact reviewable on appeal only on a clearly erroneous standard. United States v. Carter, 971 F.2d 597, 599 (10th Cir.), cert. denied, 113 S.Ct. 628 (1992). Moreover, when a defendant is involved in a conspiracy in which the participants have performed different functions, "[t]o argue that one of these participants is more or less culpable than another is not productive." United States v. Arredondo-Santos, 911 F.2d 424, 426 (10th Cir.1990). Indeed, being less culpable than other conspirators is not the same as being a minor participant. Caruth, 930 F.2d at 815. Finally, the district court took into consideration the factors defendant urged in mitigation by sentencing him to the lowest sentence in the guideline range. Under these circumstances, we cannot say the district court clearly erred in holding Mr. McGee was not entitled to a downward adjustment as a minor participant.
 
 
 5
 Defendant further argues he was improperly denied access to a medical report referred to in the presentence report. That report states:
 
 
 6
 The defendant reported no history of mental or emotional illness. A psychological evaluation conducted by psychologist, Gary Hackney Ph.D., in Wichita, on November 3, 1975, stated "There are strong indications that there might be central nervous system dysfunctions and this should definitely be checked out." The defendant was never evaluated further because he escaped from the Evaluation and Referral Center in Wichita.
 
 
 7
 In response to defendant's request at sentencing for access to the full report made by Dr. Hackney, the district court responded:
 
 
 8
 There is no medical report. There is a statement from this physician who is identified--or I guess he's not a physician. That statement is in quotes in the previous presentence report and it's in quotes here and there's nothing in that report more than what you see in this report. Had that not been the case, I might have exercised my discretion in some other way.
 
 
 9
 Despite a vigorously urged constitutional argument for disclosure, defendant does not show in any way there was a report that was kept from him. The district court could not disclose something it did not have. In that light, we believe the whole argument is academic.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3