996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alonso RONQUILLO, Defendant-Appellant.
 No. 92-6393.
 United States Court of Appeals, Tenth Circuit.
 June 4, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Alonso Ronquillo appeals his sentence of fifteen months upon a plea of guilty to one count of using a telephone to facilitate a marijuana transaction. Defendant maintains the trial court erred by not granting him a reduction as a minor participant or a downward departure. We affirm.
 
 
 2
 As a member of a large marijuana conspiracy, Mr. Ronquillo was charged with making two telephone calls to a coconspirator regarding the price of marijuana. Although the price for five pounds was confirmed, no marijuana sale was consummated. Nevertheless, these calls were the basis for the count to which defendant entered his plea. He now argues the district court failed to accept his theory his participation was either minimal or minor.
 
 
 3
 The burden of demonstrating his entitlement to a downward adjustment in accord with U.S.S.G. § 3B1.2(b) falls upon the defendant. United States v. Caruth, 930 F.2d 811, 812 (10th Cir.1991). Whether a defendant is entitled to a downward adjustment is a question of fact reviewable on appeal only on a clearly erroneous standard. United States v. Carter, 971 F.2d 597, 599 (10th Cir.), cert. denied, 113 S.Ct. 628 (1992). Moreover, when a defendant is involved in a conspiracy in which the participants have performed different functions, "[t]o argue that one of these participants is more or less culpable than another is not productive." United States v. Arredondo-Santos, 911 F.2d 424, 426 (10th Cir.1990). Indeed, being less culpable than other conspirators is not the same as being a minor participant. Caruth, 930 F.2d at 815.
 
 
 4
 At sentencing, defendant's counsel first argued that the fact no purchase was consummated as a result of the two telephone conversations made defendant's offense conduct "minimal activity." Although he acknowledged the government was prepared to introduce relevant conduct evidence defendant participated in the packaging of forty pounds of marijuana, counsel merely stated defendant's dispute and offered no evidence in rebuttal. Counsel acknowledged, however, forty pounds of marijuana was properly credited to him for sentencing purposes.
 
 
 5
 Arguing the Sentencing Guidelines "stripped the judicial system of the ability of good judges who are well qualified to determine individual sentences," counsel asked the court to depart downward and grant probation. He offered that his client was "no threat to society" and had no criminal record; that defendant had been continuously employed and was a "good employee" with a job he could keep; that he had ten years of "local ties with the community" and a family to support; and that the offense to which defendant pled was a "technical violation."
 
 
 6
 In response to the defendant's argument for a downward adjustment, the district court stated it did not believe defendant's conduct within the framework of the conspiracy and his relationship to other conspirators were sentencing determinatives. To the contrary, the court looked at defendant's own offense conduct in relation to the charge of conviction and concluded that conduct was neither minimal nor minor. The court also took into account Application Note 4 of U.S.S.G. § 3B1.2 which provides, in effect, when a defendant has received a lower offense level than warranted by his actual conduct, he is not entitled to a downward adjustment. In this case, defendant was able to avoid the sentencing onus that would have applied had he been convicted of the conspiracy charged in the indictment. Thus, the crime of conviction carried with it the reduction he might have obtained had he been convicted of the conspiracy. Indeed, the district court noted:
 
 
 7
 [I]t is my view of Section 3B1.2 and the notes and commentary which help interpret it, that the reduction ... is to be accorded a defendant who is vicariously responsible for the conduct of a group. This defendant is not being held vicariously responsible for any conduct of the conspiracy other than that in which he participated. He is not a minor participant in a large conspiracy because it is not the whole conspiracy's conduct that is used to determine his offense conduct. It is only his own conduct. I believe that the application note 4 and the other commentary, as well as the reason for this reduction in the first place, would indicate that this defendant is not entitled to the reduction and I will overrule his objection on that basis.
 
 
 8
 Finally, the district court took into consideration the gravity of defendant's conduct by sentencing him to the lowest sentence in the guideline range. In light of the evidence before the district court and the sentencing circumstances it considered, we cannot say the court clearly erred in holding Mr. Ronquillo was not entitled to a downward adjustment as a minor participant.
 
 
 9
 Defendant further argues he was improperly denied probation as a downward departure from the guidelines. We do not have jurisdiction to review a refusal to depart downward when a sentence is within the guideline range. United States v. Merchant, --- F.2d ----, No. 92-3237, 1993 WL 136422, at * 6 (10th Cir. May 3, 1993). Recognizing this principle, but arguing the district court erred by concluding it was without authority to depart, defendant argues we consider the appeal.
 
 
 10
 Responding to defendant's request for departure, the district court stated:
 
 
 11
 [The defendant] is not entitled to a departure from the guideline range and, as you are now aware, the guidelines give me almost no discretion in many areas and that's one of them. There has to be a factor defined by the guidelines that would justify a departure before I can depart either upward or downward. What the defendant is left with is a guideline range that may seem to--I'm certain it seems to him and may seem to others, including myself, quite harsh given the conduct that he admits to and is being sentenced for. I think that is a reflection not only of Congress's concern with illegal drug dealing and that all conduct related to it be made criminal and punishable by prison time, also the conclusions of the Sentencing Commission and through them Congress that such conduct be punished.
 
 
 12
 Defendant's argument to the contrary notwithstanding, that statement clearly indicates the trial judge was neither in doubt nor error over the limits of her sentencing authority. We have no jurisdiction to carry the review any further.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3