66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo GOODING, Defendant-Appellant.
 No. 94-3090.
 United States Court of Appeals, Tenth Circuit.
 Sept. 8, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and OWEN, Senior District Judge.[2]
 
 
 2
 In a multi-count indictment charging nine defendants with various drug violations, Ricardo Gooding, also known as "Cookie," was charged in count 1 with conspiring with others to possess and distribute a mixture containing cocaine hydrochloride, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A) and 21 U.S.C. 846 and he was also charged in count 10 with possessing with an intent to distribute on January 9, 1992, in the City of Junction City, Kansas, 250 grams of a mixture containing cocaine hydrochloride and 250 grams of a mixture containing cocaine base, in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(A) and 18 U.S.C. 2. Certain defendants pled guilty. However, Gooding and a co-defendant named Arturo Brazier went to trial and Gooding was convicted on both counts. Gooding was later sentenced to imprisonment for 121 months,[3] and he now appeals his conviction and the sentence imposed thereon. We are not here concerned with Brazier. We affirm.
 
 Counsel raised two matters on appeal:
 I. Agent Kanatzar
 
 3
 At trial, one Anthony Felix, an accomplice, was called as a government witness, and on cross-examination counsel showed that in exchange for his testimony Felix was "immunized" from prosecution. Counsel also tried to show that Felix had made prior statements to the authorities which were contrary to his testimony at trial.
 
 
 4
 Later, James Dean Kanatzar, a special agent with the U.S. Customs Service, was called as a government witness. On direct examination, Kanatzar testified concerning records of various telephone calls and briefly regarding his interview with one Lisa Ponder. As far as we can tell from the record before us, Kanatzar on direct examination was not questioned about any interview with Felix.
 
 
 5
 On cross-examination of Kanatzar, counsel for Gooding sought to question Kanatzar about his interviews with Felix, asking whether Felix on different occasions had given him contradictory responses inconsistent with Felix's testimony at trial. Counsel also sought to ascertain just why if Felix had given contradictory responses he was "immunized." On objection, the district court sustained the government's objections on the grounds that such questions called for "hearsay," and on appeal counsel argues that Gooding was denied his Sixth Amendment right to "confront" Kanatzar when his cross-examination was curtailed by the district court. This matter must be viewed in context.
 
 
 6
 As indicated, on direct examination, Kanatzar was not questioned about his interviews with Felix. On cross-examination, counsel sought to examine Kanatzar about his interviews with Felix. It is fundamental that cross-examination is limited to the scope of the direct examination, and, as will be developed, it would appear that counsel recognized this. A defendant in a criminal proceeding may not present his case during cross-examination of a government witness by asking questions, and eliciting answers thereto, beyond the scope of the direct examination. See Higgins v. Martin Marietta Corporation, 752 F.2d 492, 498 (10th Cir.1985).
 
 
 7
 Be all that as it may, when the government rested its case, counsel for Gooding indicated that he would call Kanatzar and Felix as defense witnesses. However, when court reconvened after a weekend recess, counsel indicated that after conferring with Gooding over the weekend, the defense would call no witnesses. In such circumstance, counsel has waived any right to claim that he was unduly restricted in his cross-examination of Kanatzar. He could have called Kanatzar as a defense witness and inquired as to whether Felix had made prior statements to Kanatzar which were inconsistent with his testimony at trial. But apparently as a matter of trial strategy the defendant and his counsel decided to forego the matter. Such being the case, Gooding's constitutional right to "confront" Kanatzer has not been violated. Any possible claim of error by the district court in sustaining the government's objection to counsel's cross-examination of Kanatzar was waived when, after announcing that Kanatzar would be called as a witness, counsel and Gooding had a change of heart and decided to forego questioning him.
 
 II. Pre-sentence Report
 
 8
 It would appear that originally the pre-sentence report recommended a four level decrease in Gooding's base offense level based on an adjustment for his role in the offense as provided for in U.S.S.G. 3B1.2, which permits such for a defendant who is a "minimal participant," but provides for only a two level decrease for a so-called "minor participant." The government objected to a four level decrease, claiming that Gooding was a "minor participant," not a "minimal participant," and as such only entitled to a two level decrease. The district court agreed and granted only a two level decrease. On appeal, counsel asserts that Gooding was entitled to a four level decrease. We disagree.
 
 
 9
 The factual findings of a district court at sentencing are reversed only for clear error. United States v. Carter, 971 F.2d 597, 599 (10th Cir.), cert. denied, 113 S.Ct. 628 (1992). We find no clear error here. As indicated, Gooding under count 10 was convicted of possessing with an intent to distribute 250 grams of a mixture containing cocaine hydrochloride and 250 grams of a mixture containing cocaine base. The district court at sentencing indicated that the relatively large amount of drugs involved in his possession in Junction City, Kansas, on January 9, 1992, suggested that Gooding was a minor and not a minimal participant. An issue of this sort is best resolved by the trial judge who hears the evidence.
 
 
 10
 Gooding's motion to file a supplemental pro se brief is denied. Under F.R.A.P. 40, counsel has 14 days after entry of judgment to file a petition for rehearing. This court, sua sponte, orders that Gooding may within that same time file a pro se petition for rehearing, if he be so inclined.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Richard Owen, Senior District Judge, Southern District of New York, sitting by designation
 
 
 [3]
 Under the Sentencing Guidelines, Gooding's guideline range was imprisonment for 121 to 151 months