UNITED STATES COURT OF APPEALS
**Filed 11/6/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAFAEL MARIN,

    Defendant-Appellant.

No. 95-2020
(D.C. No. CR 94-180 MV)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Rafael Marin was convicted of possession of marijuana with intent to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

distribute and aiding and abetting, and the district court sentenced him to twenty-seven months imprisonment followed by three years supervised release. Mr. Marin raises several claims on appeal, and we affirm the district court on all issues.

Briefly stated, the facts are as follows. Agents of the United States Border Patrol stopped Mr. Marin at a Border Patrol checkpoint. Agent John Esquivel noticed a temporary license on Mr. Marin's automobile indicating it had recently been purchased. (Ape. Br. at 4.) Mr. Marin's answers to Agent Esquivel's questions about his car and destination aroused Agent Esquivel's suspicions. Agent Esquivel then obtained Mr. Marin's permission to search the car with a drug detection dog. The dog alerted on a portion of the automobile. The agents then obtained written consent from Mr. Marin to search the car. The search revealed approximately forty pounds of marijuana.

Mr. Marin first contends he was unlawfully detained at the border patrol checkpoint and that the district court erred in refusing to suppress evidence obtained during the stop. "'[W]hether a search and seizure was reasonable under the Fourth Amendment is a question of law that we review de novo.'" *United States v. Massie*, 65 F.3d 843, 847 (10th Cir. 1995) (quoting *United States v.*

*Maestas*, 2 F.3d 1485, 1490 (10th Cir. 1993)).  At a fixed checkpoint such as the one at which Mr. Marin was detained, border patrol agents may stop, briefly detain and question individuals without any individualized suspicion that those persons are engaged in criminal activity.  *Id.* (citing *United States v. Martinez-Fuerte*, 428 U.S. 543, 562 (1976)).  Agents have authority to ask any question reasonably related to their duty to prevent entry of unauthorized individuals or contraband into this country.  *Id.* at 848 (citing *United States v. Rascon-Ortiz*, 994 F.2d 749, 752 (10th Cir. 1993)).  If agents observe "suspicious circumstances" during initial questioning, they may further detain individuals for inquiry into those circumstances.  *Id.* (citing *Rascon-Ortiz*, 994 F.2d at 753).  In determining whether "suspicious circumstances" exist, "we apply 'a common sense view of the totality of the circumstances.'"  *Id.* (quoting *United States v. Sanders*, 937 F.2d 1495, 1500 (10th Cir. 1991), *cert. denied*, 502 U.S. 1110 (1992)).

Applying a common sense view of the totality of the circumstances, we find sufficient evidence supported Agent Esquivel's determination that suspicious circumstances existed justifying further detention and questioning of Mr. Marin. Mr. Marin was driving a car with temporary license plates, and Agent Esquivel had previously received information that smugglers often use false temporary licenses, or temporary licenses obtained through illegal means, on vehicles driven

through checkpoint stops. When Agent Esquivel inquired into vehicle ownership, Mr. Marin responded that he (and the woman with him) had just purchased the car and were taking it for a test drive. Agent Esquivel found it odd that someone would purchase a vehicle and then test drive it. Agent Esquivel also noted the temporary plate indicated the car had been purchased in El Paso, Texas, approximately fifty miles from the checkpoint, and he thought it odd someone would take a fifty-mile test drive. Additionally, in response to Agent Esquivel's request for vehicle registration, Mr. Marin presented a purchase order that contained information conflicting with the temporary license. Finally, Agent Esquivel thought Mr. Marin looked visibly nervous, looking right and left before answering questions and stuttering and stumbling with his words when asked his destination.

Affording appropriate deference to Agent Esquivel's determinations, *id.* at 848-49 (citing *Sanders*, 937 F.2d at 1500), we find under the totality of the circumstances suspicious circumstances existed justifying the continued detention and questioning of Mr. Marin. Furthermore, because Mr. Marin consented to the dog sniff search, he consented to the resulting brief detention. *See United States v. Chavira*, 9 F.3d 888, 890 n.1 (1993). Upon de novo review, we affirm the district court's holding that the search and seizure was lawful.

We also affirm the district court's refusal to grant Mr. Marin's motion to suppress evidence obtained during the stop. "In reviewing a district court's ruling on a motion to suppress evidence, we view the evidence in the light most favorable to the prevailing party and accept the district court's findings of fact unless they are clearly erroneous." *Massie*, 65 F.3d at 847. We find the district court's reasoning persuasive and, as Mr. Marin has not presented evidence proving its findings of fact clearly erroneous, affirm for substantially the reasons stated by that court.

Mr. Marin also claims there was insufficient evidence to support his conviction of possession of marijuana with intent to distribute and aiding and abetting. On such a claim,

> we review the entire record in the light most favorable to the
> government to determine whether the evidence is such that a
> reasonable jury could find the defendant guilty beyond a reasonable
> doubt. To the extent that the evidence conflicts, we accept the jury's
> resolution of conflicting evidence and its assessment of the
> credibility of witnesses."

*United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995) (quoting

*United States v. Sapp*, 53 F.3d 1100, 1103 (10th Cir. 1995), *cert, denied*, 116 S.

Ct. 796 (1996)).

After reviewing the record, and considering it in the light most favorable to

the government, we conclude a reasonable jury could find Mr. Marin guilty beyond a reasonable doubt. Mr. Marin asserts the government presented no evidence he had knowledge or control or dominion over the marijuana proving only that marijuana was concealed in the car he was driving. However, the jury heard testimony from which it could have inferred Mr. Marin's knowledge of the marijuana and complicity with the charged offenses. Moreover, the jury's refusal to credit Mr. Marin's testimony was its prerogative, and we must accept its assessment of witness credibility. *Chavez-Marquez*, 66 F.3d at 262.

Mr. Marin also contends the district court erred in not granting him a four-level downward departure based on his minimal role in the offense. The district court's finding that Mr. Marin was not a minimal participant, and thus not entitled to the requested departure, is a finding of fact that will not be disturbed on appeal unless it is clearly erroneous. *United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994).

Section 3B1.2 of the United States Sentencing Guidelines and its commentary allow the district court to grant a two- to four-level departure to less culpable defendants who played minor or minimal roles in the commission of the charged offense. Mr. Marin claims to be less culpable than others involved in the

offense, alleging he was too poor to have any ownership interest in the marijuana and his involvement was merely as the driver of the car containing marijuana. However, even if Mr. Marin's participation in the commission of the offense was limited to the role of a driver, that does not necessarily render him less culpable, or entitle him to a departure, because drivers may be essential cogs in drug distribution schemes. *See United States v. Carter*, 971 F.2d 597, 600 (10th Cir.), *cert. denied*, 113 S. Ct. 628 (1992); *United States v. Arredondo-Santos*, 911 F.2d 424, 425 (10th Cir. 1990). There is no per se rule allowing couriers or drivers to achieve minimal participant status. *Ballard*, 16 F.3d at 1115. Mr. Marin had the burden of establishing by a preponderance of the evidence that he was a minimal or minor participant, *Carter*, 971 F.2d at 599, and the district court failed to find he met that burden. We find no evidence in the record or in Mr. Marin's brief on appeal showing the district court's failure to depart clearly erroneous.

Mr. Marin raises four additional issues. Review of the record informs us these issues are meritless.

The judgment of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge