**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SANTOS ADOLFO FUNEZ, a/k/a
"Cuchifleto,"

    Defendant - Appellant.

No. 14-1473
(D.C. No. 1:13-CR-00160-PAB-7)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Santos Adolfo Funez appeals the district court's denial of his request for a reduced

total offense level under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2,

which allows for downward adjustments for minimal or minor participants in a

conspiracy.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we

affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

# I. BACKGROUND

In 2012, Denver's Metro Gang Task Force began conducting surveillance on a drug organization that was transporting methamphetamine between California and Colorado. Mr. Funez was involved in the organization. He flew from Colorado to California on three occasions to pick up drugs and drive back to Colorado with the drugs concealed in a car. Before Mr. Funez's third and final trip in January 2013, investigators intercepted a series of calls between Mr. Funez and leaders of the operation. In the phone calls, Mr. Funez indicated he knew about the structure of the organization and solicited jobs to smuggle methamphetamine as a driver. He also agreed to fly to California and return to Colorado with a drug shipment by car.

After Mr. Funez arrived in California, investigators followed him as he met with contacts in Los Angeles, picked up a car, and assisted in preparing a concealed compartment for drug transport. During Mr. Funez's return trip to Colorado, but before leaving California, a sergeant with the San Bernardino Sheriff's Department stopped Mr. Funez for traffic violations. Mr. Funez told the sergeant he was returning to Colorado after the failed purchase of a truck in California. Mr. Funez consented to a search of his vehicle, and assisting officers discovered a secret compartment containing 1,085 grams of methamphetamine.

After a bench trial, the district court found Mr. Funez guilty of conspiracy to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, distribution and possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A)(viii), and the use of a telephone as a communication facility for felony drug distribution in violation of 21 U.S.C. § 843(b).

Before sentencing, Mr. Funez moved for a downward adjustment in his total offense level under U.S.S.G. § 3B1.2(a) or (b). The district court denied the motion and sentenced Mr. Funez to 188 months in prison for conspiracy and possession and 48 months in prison for the use of a communication facility, to run concurrently. Mr. Funez timely appeals the denial of his motion for a downward adjustment.

## II. **DISCUSSION**

### A. *Standard of Review and Applicable Law*

Mr. Funez contends the district court erred by failing to find he was a minimal or minor participant under U.S.S.G. § 3B1.2.

Mr. Funez challenges the procedural reasonableness of the court's application of the Guidelines. *See United States v. Martinez*, 512 F.3d 1268, 1275 (10th Cir. 2008). We review the district court's application under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the determination that Mr. Funez was not "a minor or minimal participant . . . is a finding of fact," the court did not abuse its discretion unless that finding was "clearly erroneous," giving "due deference to the [district] court's application of the Guidelines." *United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994).

U.S.S.G. § 3B1.2(a) allows for a four-level decrease in the total offense level if a defendant was a minimal participant in criminal activity. A "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is

- 3 -

indicative of a role as minimal participant." U.S.S.G. § 3B1.2 cmt. n.4. U.S.S.G. § 3B1.2(b) provides for a two-level decrease if a defendant was a minor participant. A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.

### B. *Mr. Funez was Not a Minimal Participant*

Mr. Funez argues his role as a driver amounts to minimal participation because he made only a few trips and was not regularly employed with a variety of responsibilities. We hold the district court did not clearly err in determining Mr. Funez was not a minimal participant.

As a threshold matter, we note "courier status alone does not entitle [Mr. Funez] to an adjustment for a minor or minimal role." *See United States v. Salas*, 756 F.3d 1196, 1207 (10th Cir. 2014). In any case, as the district court found, Mr. Funez was more than a mere courier. He initiated contact with leaders in the operation, solicited trips, knew specific timeframes when shipments would be available, accepted payment and reimbursement for travel expenses, participated in concealing methamphetamine in a car, and provided a false story during a traffic stop. *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1131 (10th Cir. 2003) (noting a defendant is not a minimal participant if he or she "helped orchestrate the sale of drugs"); *United States v. Chavez*, 229 F.3d 946, 956 (10th Cir. 2000) (finding a defendant was not a mere, one-time courier because she "controlled the transfer of money . . . , became the only confirmed recipient of the drugs, and acted as the contact person"); *United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir. 1999) (noting the handling of a large sum of cash, taking responsibility for

transporting drugs, and knowledge of the drugs weigh against a downward adjustment).

We thus affirm on this issue. Mr. Funez has not demonstrated the district court clearly erred by finding he was not entitled to the "minimal participant" adjustment.

### C. *Mr. Funez was Not a Minor Participant*

Mr. Funez also argues he was entitled to the downward adjustment for minor participation because his courier role made him less culpable than the buyers and sellers who put drugs in the hands of users. We reject this argument.

The district court found Mr. Funez "mov[ed] large amounts" of drugs between California and Colorado. Suppl. App. at 73. Mr. Funez does not contest this finding.[1] This circuit has found couriers who move large amounts of drugs are "quite important to all parties" and cannot be characterized as minor participants. *See United States v. Carter*, 971 F.2d 597, 600 (10th Cir. 1992). We also note that Mr. Funez made repeated trips between California and Colorado and served as "an essential cog in [the] drug distribution scheme." *See id*.

We affirm on this issue. Mr. Funez has not demonstrated the district court clearly erred in its determination that he was not a minor participant.

### D. *Mr. Funez Misinterprets the District Court's Statement at Sentencing*

Mr. Funez relies heavily on a statement made by the district court at sentencing.

---

[1] Mr. Funez quotes Application Note 3(A) to U.S.S.G. § 3B1.2, which states a defendant who is accountable for only that conduct with which he or she was personally involved can still be considered for an adjustment under § 3B1.2. Mr. Funez then summarily states the district court erred in its interpretation of § 3B1.2 (presumably in its interpretation of this application note). We decline to consider any argument regarding this application note because it is inadequately briefed. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

After hearing arguments on the downward adjustment, the district court said, "Because [Mr. Funez] is relying upon the facts as I found them to be in my findings of fact, he satisfied that burden because it's a burden that he is just taking the facts as I found them to be." Suppl. App. at 70. Based on this statement, Mr. Funez maintains the district court intended to grant his motion, but inexplicably denied it. The Government contends the district court was not granting Mr. Funez's motion, but simply allowing Mr. Funez to use facts taken from the district court's findings. Whatever the district court may have meant, its statement did not indicate the court intended to grant Mr. Funez's motion.

It is implausible the district court intended by its statement to grant Mr. Funez's motion. In isolation, the court's comment could possibly be construed to favor Mr. Funez, but when viewed in the context of the complete sentencing hearing, this interpretation is untenable. After making this statement, the court proceeded to address Mr. Funez's arguments and denied the motion for a downward adjustment based on the criteria for both minimal and minor participation.

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's denial of Mr. Funez's motion for a downward adjustment.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge