2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn MAZIQUE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone DAY, a/k/a Tyrell Davis, Defendant-Appellant.
 Nos. 92-1306, 92-1327.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Mazique and Mr. Day were convicted of possession with intent to distribute 251 grams of cocaine base ("crack cocaine"), 21 U.S.C. Sec. 841(a)(1); 841(b)(1)(B)(iii), after a drug courier was persuaded to cooperate in a "controlled buy." On appeal, Mr. Mazique claims that the district court erred in (1) not striking the entire jury panel after voir dire, and (2) admitting the cocaine into evidence without a sufficient chain of custody. Both Mr. Mazique and Mr. Day challenge (3) the sufficiency of the evidence contending that the government failed to prove the substance was crack cocaine, and (4) the district court's decision not to grant two-point downward adjustments under the Sentencing Guidelines for acceptance of responsibility. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 I. Striking the Jury Panel
 
 2
 During voir dire, a venireman indicated that his brother-in-law had been convicted of a drug related crime, that he had dealt with such situations, and that he had a sense of whether someone is or is not involved in drugs based on his experience. III Tr. 22-23. The district court responded that "the law doesn't permit people to sort of be governed by instinct based on their experience. You have to be convinced by evidence--." Id. at 23-24. Defendants sought to strike the entire panel based on the venireman's statements. The district court offered to inquire about prejudice, and asked whether any juror was inclined to find the Defendants guilty because they were black men accused of a drug crime. Id. at 56. The venire panel responded negatively.
 
 
 3
 Mr. Mazique contends that the district court should have struck the entire jury panel, presuming bias, given the venireman's comments. Juror qualification matters are reviewed for clear abuse of discretion. United States v. Wilburn, 549 F.2d 734, 739 (10th Cir.1977). Here, the venireman's comment, which was very general, expressed no opinion on the guilt or innocence of these Defendants, or any one else in the case. See United States v. Buchanan, 787 F.2d 477, 480 (10th Cir.1986). Moreover, the district court admonished that the case must be judged on the evidence. We find no abuse of discretion here.
 
 II. Chain of Custody
 
 4
 Mr. Mazique next challenges the admission of the crack cocaine into evidence. He argues that under Fed.R.Evid. 901(a) an inadequate foundation was laid because the cocaine was wrapped in Saran wrap when seized, but at trial was contained in several small plastic bags. He also argues that the cocaine had blood spots on it, but that two of the chain-of-custody witnesses failed to so testify.
 
 
 5
 We review the district court's admission of evidence for an abuse of discretion. United States v. Johnson, 977 F.2d 1360, 1367 (10th Cir.1992), cert. denied, Behrens v. United States, 113 S.Ct. 1024 (1993). If the "evidence is unique, readily identifiable and relatively resistant to change, the foundation need only consist of testimony that the evidence is what its proponent claims." United States v. Cardenas, 864 F.2d 1528, 1531 (10th Cir.), citing E. Cleary, McCormick on Evidence Sec. 212 at 667 (3d ed. 1984), cert. denied, 491 U.S. 909 (1989). If the evidence is not readily identifiable or could be altered by tampering or contamination, the necessary foundation will consist of a chain of custody sufficient to render it improbable that the item has been switched with another, tampered with, or contaminated. Id. A perfect chain of custody is not required, the district court need only be satisfied "that the evidence is substantially in the same condition as when the crime was committed." Id. citing Reed v. United States, 377 F.2d 891, 893 (10th Cir.1967).
 
 
 6
 Judged against these standards, Mr. Mazique's challenge is meritless. Unlike the contraband in most drug cases, the contraband here was uniquely identified by two witnesses. III Tr. 103, 131. There was no requirement that each witness in the chain comment on the spots. Insofar as the different packaging (from saran wrap to plastic bags), the district court obviously concluded that the various explanations received at trial were inconsistent with tampering. See United States v. Clonts, 966 F.2d 1366, 1368-69 (10th Cir.1992). Once the court properly admits the evidence, deficiencies in the chain of custody go to its weight, not its admissibility. Johnson, 977 F.2d at 1367. We find no abuse of discretion here.
 
 III. Sufficiency of the Evidence
 
 7
 Both Mr. Mazique and Mr. Day challenge the sufficiency of the evidence insofar as the government was required to prove that the substance in question was cocaine base. The government was required to so prove, and in reviewing this element we view the evidence and its inferences in the light most favorable to the government to determine whether any rational trier of fact could have found this element beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Defendants argue that the forensic chemist's testimony was confused about what stage the substance was in; that is, whether it merely had been extracted from the coca plant as a base or had been produced after the substance was a salt. What matters, however, is the chemist's unequivocal testimony, given after adequate foundation, that the substance involved was 251.8 grams of cocaine base. III R. doc. 202. Sufficient evidence supports the jury's finding.
 
 IV. Acceptance of Responsibility
 
 8
 Finally, both Defendants contend that they should have received a two-point downward adjustment for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. Relying on U.S.S.G. Sec. 3E1.1, comment. (n. 2), the district court found that the Defendants had put the government to its burden of proof by denying the essential factual elements of the offense, only later admitting guilt and expressing remorse. VI Tr. at 69. Plainly recognizing that going to trial will not always preclude an acceptance of responsibility adjustment, id. the district court concluded that neither Defendants' case was sufficiently unusual to warrant the adjustment. With respect to Mr. Mazique, the district court found that his having been on bond and bragging about it during the commission of this offense undercut a finding of acceptance of responsibility. Id. at 70. Acknowledging the case for acceptance of responsibility was closer with respect to Mr. Day, the district court declined to grant the adjustment based on the regret expressed after conviction. Id.
 
 
 9
 Our review of the application of the Sentencing Guidelines is de novo; the district court's factual findings are reviewed for clear error. Absent clear error, a district court's decision not to grant the acceptance of responsibility downward adjustment will not be overturned. United States v. Garcia, 987 F.2d 1459, 1461 (10th Cir.1993). The acceptance of responsibility decision is particularly suited to the district court's vantage point because credibility is at issue; rarely will the district court's decision be reversed. United States v. March, 1993 WL 246440, at * 7 (10th Cir.1993).
 
 
 10
 We agree with the government that a defendant hardly demonstrates an acceptance of responsibility by going to trial because the government refuses to offer a U.S.S.G. Sec. 5K1.1 downward departure motion for substantial assistance. See VI Tr. at 63.
 
 
 11
 We also reject Mr. Day's contention that the district court misapplied the Guidelines "by assuming that a defendant who goes to trial and remains silent from the moment of his arrest until the sentencing hearing when he clearly accepts responsibility for his own behavior, blames no one else, and says he is ready for punishment is precluded from the benefits of U.S.S.G. Sec. 3E1.1." Aplt. Day Brief at 5. The district court recognized its power to grant the adjustment, but declined to do so. The burden was on Mr. Day to prove his clear entitlement to the reduction and the district court properly could make credibility determinations. March, 1993 WL 246440, at * 7. The commentary contained in application note 2 specifically provides that when a defendant proceeds to trial and is convicted, "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." U.S.S.G. Sec. 3E1.1, comment. (n. 2). The commentary is analagous to a legislative rule adopted by a federal agency and is binding unless it plainly conflicts with a statute or guideline. Stinson v. United States, 113 S.Ct. 1913, 1917-19 (1993). Accordingly, the district court properly could give less weight to Mr. Day's postconviction statements. It did not misapply the Guidelines.
 
 
 12
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3