9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
W.C. THOMPSON, aka "Cookie," Defendant-Appellant.
 No. 93-3046.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1993.
 
 Before SEYMOUR, BARRETT and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 W. C. Thompson appeals from the judgment entered on his plea of guilty to a two-count indictment charging him and co-defendants, Willie Lee Randel, Milton Gene Lee, and Ivy Simmons Gillespie, with knowingly, willfully and unlawfully conspiring with intent to distribute cocaine and knowingly and intentionally possessing with the intent to distribute cocaine, in violation of 21 U.S.C. 846 and 21 U.S.C. 841(a)(1).
 
 
 3
 Trial was set for August 24, 1992. On the morning of the trial, Thompson formally accepted an oral plea agreement under which he agreed to plead guilty in exchange, inter alia, for the government's agreement not to oppose credit for acceptance of responsibility. Thompson was sentenced on February 5, 1993. During the sentencing hearing, the district court ruled that Thompson was entitled to a two level reduction in offense level for acceptance of responsibility. In so doing, the court rejected Thompson's arguments that he was entitled to a three level reduction.
 
 
 4
 On appeal, Thompson contends that the district court erred in refusing to grant him with a three level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. 3E1.1(b)(2). Thompson argues that a defendant is entitled to a three level reduction under 3E1.1(b)(2) when he notifies the authorities of his intention to enter a guilty plea and thereby permits the government to avoid preparing for trial and allows the court to allocate its resources efficiently, and, that the guideline "undoubtedly applies to" him. (Brief of Appellant at 4).
 
 
 5
 The government responds that the court did not err in refusing to grant Thompson a three level reduction in offense level when, as here, it was required to prepare for trial as if no plea would take place inasmuch as Thompson did not formally accept the plea until the very day the trial was to commence.
 
 
 6
 A defendant who enters a guilty plea is not entitled to a sentencing reduction as a matter of right. United States v. Amos, 984 F.2d 1067, 1073 (10th Cir.1993). The burden of proof for establishing entitlement to a reduction of the offense level for acceptance of responsibility is on the defendant, Amos, citing United States v. Rogers, 921 F.2d 975, 982 (10th Cir.1990), and the defendant must "establish the mitigating factor[s] by a preponderance of the evidence." Id. The sentencing court's determination that a defendant is not entitled to a reduction is reviewed under a clearly erroneous standard. United States v. Garcia, 987 F.2d 1459, 1461 (1993).
 
 
 7
 In ruling that Thompson was not entitled to a three level reduction in offense level, the district court found:
 
 
 8
 This section [ 3E1.1(b)(2) ] allows an additional one-level decrease in the offense level ... [when] the defendant 'timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." In this case it is admitted: that counsel for defendant and counsel for the government engaged in plea negotiations for a long period prior to trial; that the week before the trial a deal had been struck which could not be consummated when new evidence arose which might affect the application of the sentencing guidelines; and that an agreement to plead guilty was ultimately made known to the court the morning of the trial.
 
 
 9
 Application Note 6 to U.S.S.G. 3E1.1 states:
 
 
 10
 "In general the conduct qualifying for a decrease in offense level under subsection (b)(1) or (2) will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." The type of early notice described in Application Note 6 did not occur in this case. The court was prepared to begin defendant's trial on the same day defendant notified the court that he would plead guilty. Therefore, defendant's ... objection is denied.
 
 
 11
 (R., Vol. One, Tab 206 at 1-2).
 
 
 12
 Thompson does not challenge the court's findings that "an agreement [for Thompson] to plead guilty was ultimately made known to the court the morning of the trial" and the court "was prepared to begin [Thompson's] trial on the same date [he] notified the court he would plead guilty." Under such circumstances, the district court's finding that Thompson was not entitled to a three level offense level reduction under 3E1.1(b)(2) is not clearly erroneous.
 
 
 13
 We AFFIRM.
 
 
 
 [1]
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3