**UNITED STATES of America, Appellant,**

v.

**Martin Steve CHAVIRA, Appellee.**

No. 93–2048.

United States Court of Appeals, Tenth Circuit.

Nov. 16, 1993.

Francisco Macias, El Paso, TX, for appellee.

Richard A. Friedman (Don J. Svet, U.S. Atty., James D. Tierney, Asst. U.S. Atty., with him on the brief) Attorney, Appellate Section, Crim. Div., Dept. of Justice, Washington, DC, for appellant.

Before: MOORE, FEINBERG * and ANDERSON, Circuit Judges.

FEINBERG, Circuit Judge:

The United States appeals from an order entered January 29, 1993, in the United States District Court for the District of New Mexico, James A. Parker, J., suppressing evidence found during a Border Patrol stop of Martin Steve Chavira. Judge Parker's opinion is reported at 811 F.Supp. 628. Because we find that Chavira consented to a dog-sniff of his vehicle that led to the search of his vehicle in the course of a permissible detention, we reverse the suppression order.

On June 7, 1992, Chavira drove a car to a fixed Border Patrol checkpoint near Alamogordo, New Mexico. Border Patrol Agent Carlos Robles asked Chavira if he was a United States citizen, to which he responded affirmatively. Robles then went on to ask Chavira his destination and related questions. During this brief detention, Agent Robles requested and obtained permission to subject Chavira's car to a dog-sniff. The trained dog alerted to the presence of contraband. A subsequent search revealed 39 pounds of marijuana and 2.48 pounds of cocaine.

Chavira was indicted for possession, with intent to distribute, of more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

The district court held that once Robles had asked Chavira whether he was a citizen and had received a satisfactory answer to his question, further questioning on what the district court regarded as matters "unrelated to immigration status" was impermissible absent "suspicious circumstances." 811 F.Supp. at 630. The drugs were thus suppressed as the fruit of an illegal detention and search.

■ Contrary to the district court's holding, however, Agent Robles needed no suspicious circumstances to justify asking Chavira

his destination. After the district court ruled in this case, we made clear that the permissible scope of a routine border checkpoint stop extends beyond a mere inquiry into citizenship. Thus, the district court did not have the benefit of our observation that

> a few brief questions concerning such things as vehicle ownership, cargo, *destination*, and *travel plans* may be appropriate if reasonably related to the agent's duty to prevent the unauthorized entry of individuals into this country *and* to prevent the smuggling of contraband.

*United States v. Rascon–Ortiz*, 994 F.2d 749, 752 (10th Cir.1993) (emphasis added). Inquiry as to a motorist's destination and travel plans is reasonably related to the Border Patrol's duties in that it tests the motorist's demeanor and credibility and may indicate whether the motorist is going to a location where smuggling is a problem.

■ Thus, Robles's inquiry into Chavira's destination was permissible even in the absence of suspicious circumstances. During this inquiry, Chavira stated that he was en route to Oklahoma to buy cars. Chavira was driving alone and did not appear to be carrying a tow bar. In light of his claim that he planned to buy cars, these facts reasonably aroused Robles's suspicions and prompted him to ask further questions. "Suspicious circumstances" justify a brief detention for further questioning. See *United States v. Ludlow*, 992 F.2d 260, 264 (10th Cir.1993). Chavira claimed that his father was going to pick up the cars at a later time. He also claimed he was planning to shop for cars through the classified advertisements, although it was more common, in Agent Robles's experience, for car haulers to buy cars at auctions. We have examined the record and conclude that all of Robles's questions were justified.

■ During this permissible detention, Agent Robles requested and obtained permission to have a trained dog sniff the vehi-

* The Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

cle.[1] When the dog indicated the presence of narcotics, Robles had probable cause to conduct a search, *Morales–Zamora*, 914 F.2d at 205, which revealed the marijuana and cocaine. Therefore, the drugs found were not subject to suppression.

REVERSED and REMANDED.

---

1. Although consent is not required for a dog sniff of a lawfully detained vehicle even absent "individualized reasonable suspicion," *United States v. Morales–Zamora*, 914 F.2d 200, 203 (10th Cir. 1990), it is required for continued detention beyond the lawful period. In this case, Chavira consented to the dog-sniff, and in so doing consented to the resulting brief detention.