43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Latory ROBINSON, Defendant-Appellant.
 No. 94-2015.
 United States Court of Appeals, Tenth Circuit.
 Nov. 25, 1994.
 
 Before SEYMOUR, Chief Judge, and MCKAY and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.
 
 
 2
 On August 26, 1993, shortly before 3:00 a.m., Mr. Robinson drove into the permanent border patrol checkpoint on Interstate 10 west of Las Cruces, New Mexico. At the checkpoint, Border Patrol Agent Thatcher asked Mr. Robinson several routine questions. Agent Thatcher then noted a foul smell emanating from the interior of Mr. Robinson's vehicle. The stench aroused Agent Thatcher's suspicions because recent reports and information from fellow officers had associated pungent odors with cocaine and his own experience had shown that powerful smells often masked the presence of drugs. Agent Thatcher asked for permission to inspect the trunk of the vehicle, and Mr. Robinson consented. After his inspection of the trunk failed to discover the source of the odor, Agent Thatcher asked Mr. Robinson to allow a drug dog to sniff about the car. Mr. Robinson again consented, and drove to the secondary inspection area.
 
 
 3
 While still outside the vehicle, the dog alerted its handler that it smelled one of the four scents (cocaine, marijuana, heroin, or human) which it was trained to detect. After the dog was let into the car, it indicated that the odor came from the ashtray. Agent Thatcher searched the ashtray and discovered a burnt marijuana cigarette. A scale was found on the back seat and an Uzi machine pistol was located under the hood. A computer search revealed that the Uzi had been stolen, and Mr. Robinson was then arrested. A pat-down search discovered a bag of crack cocaine in Mr. Robinson's pants.
 
 
 4
 Mr. Robinson made a motion to suppress the evidence. The district court found that the stench aroused Agent Thatcher's suspicions and prompted him to ask f or permission to search the trunk. The court also found that Mr. Robinson voluntarily consented to the search of the trunk and to the sniff inspection by the dog. The dog's alert established probable cause to search the vehicle. The discovery of the stolen Uzi gave probable cause to arrest Mr. Robinson. The arrest, in turn, prompted the safety pat-down that uncovered the crack cocaine. The district court therefore denied the motion to suppress. Mr. Robinson appeals.
 
 
 5
 Mr. Robinson admits that the foul odor was a sufficiently "suspicious circumstance" to justify more extended questioning. See United States v. Rascon-Ortiz, 994 F.2d 749, 752-53 (10th Cir.1993). He also does not contest the validity of the consent given to the search of his trunk and to the use of the drug dog. He contends, rather, that Agent Thatcher should have questioned Mr. Robinson about the smell before asking for permission to search the trunk. Mr. Robinson argues that Agent Thatcher, in failing to do so, "leapfrogged the next step in the constitutionally permissible continuum" and thereby violated Mr. Robinson's constitutional rights. Id. at 754. We do not agree. Mr. Robinson's consent, which he does not contest, obviates that requirement and requires us to reject his arguments. See, e.g., United States v. Chavira, 9 F.3d 888, 889 (10th Cir.1993) (consent obtained during permissible detention; motion properly denied); Ludlow, 992 F.2d 260, 265 (same).
 
 
 6
 We therefore AFFIRM the denial of the motion to suppress. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470