**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VICTOR MANUEL RIVERA-AVELAR,

    Defendant - Appellant.

No. 00-2196
(D.C. No. 00-CR-518-PJK)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL, HOLLOWAY** and **JONES**,[**] Circuit Judges.

Defendant/appellant Rivera-Avelar was charged by criminal complaint with one

count of possession of marijuana with intent to distribute in violation of 21 U.S.C. §

841(a)(1). Defendant entered into a plea agreement under which he agreed to plead guilty

to a criminal information charging a single count of possession with intent to distribute

fifty kilograms or more of marijuana and aiding and abetting. As part of the plea

agreement the parties agreed to a stipulation, expressly not binding on the court, that

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of
Appeals for the Sixth Circuit, sitting by designation.

defendant should receive a three level reduction of his offense level for his role in the offense under U.S.S.G. § 3B1.2.

The district court, however, rejected the stipulation and gave no downward adjustment for role in the offense. The resulting offense level was 19 which, with defendant's criminal history category of I (no prior offenses), yielded a sentencing range of 30 to 37 months' imprisonment. The court sentenced defendant to thirty months, and he brings this appeal, challenging only the district court's refusal to grant a downward adjustment for his role in the offense.[1]

I

On March 5, 2000, defendant drove a pick-up truck into the United States Border Patrol checkpoint near Orogrande, New Mexico. In the vehicle with the defendant were a woman and child. Defendant and the passengers had permits to cross the border for a limited visit. Defendant said that he had purchased the truck about three months earlier. With defendant's consent, an agent led a trained dog around the truck, and the dog alerted to the right rear of the vehicle. Visual inspection in that area revealed tool marks on the bolts securing the gasoline tank to the undercarriage.

---

[1]The plea agreement also included a waiver of appellate rights. In response to defendant's commencement of this appeal, the government filed a motion to dismiss. Later, however, the government filed an unopposed motion to withdraw its motion to dismiss, which we granted. In its brief the government informs us that "the United States does not wish to enforce the waiver of appeal provision in this case." Accordingly, we treat the waiver as a nullity but express no opinion on the validity of the waiver.

Defendant agreed to a more complete inspection. The gas tank was removed, and agents found three metal containers inside. Approximately 75 kilograms or 165 pounds of marijuana was then found in the containers. Upon interrogation at the border checkpoint, the defendant waived his right against self-incrimination and his right to have an attorney present. He divulged the following account of his misadventure as reflected in the Presentence Report (which is the only information in the record regarding the events leading to defendant's crime).[2]

In a bar in Ciudad Juarez about two weeks before his arrest, defendant encountered a man known to him as Cesar who offered him $2000 to drive a pickup truck containing marijuana to Alamogordo, New Mexico. Defendant agreed. He said that he was instructed to drive to a certain location in Alamogordo and there to place a telephone call to Cesar, who would then give him further instructions. Defendant said that Cesar advised him to keep the gas tank full because 55 pounds of marijuana was concealed in the tank. Defendant said that he did not know the ultimate destination of the marijuana.

At sentencing, the district judge stated that he would not accept the stipulation that defendant was a minimal or minor participant. The judge made two statements on this point. Initially, the judge said: "[T]he Court disagrees on the role adjustment in this case,

___

[2]Because the prosecution stipulated to an acceptance of responsibility adjustment in defendant's offense level (*see* U.S.S.G. § 3E1.1) as well as the role in the offense adjustment already mentioned, we infer that the government has determined that the defendant's account is substantially true.

and I would not be inclined to consider a three-level reduction, pursuant to Section 3B1.2(a) for minor minimal participant." 4 R. 3. After hearing argument from defense counsel, the court stated: "As I said earlier, I do not believe that persons who knowingly drive a vehicle loaded with drugs into this country are minor participants or minimal participants." *Id*. at 9.

II

Section 3B1.2 of the Sentencing Guidelines provides for a four level decrease for one who is found to have been a "minimal" participant or a two level decrease for one who is found to have been a "minor participant." Additionally, that section states that a three level decrease should be given for cases "falling between" the two specified levels.[3]

_____

[3]The determination whether to make an adjustment for the defendant's role in the offense (which may be an upward adjustment under § 3B1.1 for an aggravating role or, as discussed herein, a downward one for mitigating role) is inherently a process of comparing the conduct of the defendant to that of others in the offense and may also include comparing the defendant's role to that of others more generally. *See United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991); *see also United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (affirming the denial of a minor participant adjustment because the record did not contain evidence of the roles of others). At times we have, however, commented that it is "not productive" to make such comparisons. *See, e.g., United States v. Chavez*, 229 F.3d 946, 956 (10th Cir. 2000) (quoting *United States v. Ballard*, 16 F.3d 1110, 1115 (10th Cir. 1994)); *see also United States v. Carter*, 971 F.2d 597, 600 (10th Cir. 1992); *United States v. Arrendodo-Santos*, 911 F.2d 424, 426 (10th Cir. 1990).

Here there is evidence of the role of at least one other person in this offense, that of Cesar who recruited the defendant, and the involvement of others is necessarily implied. Because the government stipulated to, and the court awarded, a downward adjustment for acceptance of responsibility, defendant's statement describing the role of Cesar has been found to be true. *See United States v. Harfst*, 168 F.3d 398, 403 (10th Cir. 1999) (where departure under the "safety valve" exception of 18 U.S.C. § 3553(f) had

The parties' stipulation in this case was for the intermediate three level decrease. For convenience only, however, we will sometimes refer to the stipulated adjustment as a "minor participant" adjustment.

A determination that the defendant was not a minor participant is normally a finding of fact reviewable only for clear error. *See United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994). Here, however, because of the district judge's statements at the sentencing hearing, the defendant contends that the judge made an erroneous interpretation of the Guidelines, which should be reviewed *de novo*. As the government points out, we have not required sentencing judges to make supporting findings on the record, but instead have affirmed decisions to grant or deny minor participant adjustments where the record has contained any evidence to support the decision. *See, e.g., Sukiz-Grado*, 22 F.3d at 1009.[4] But we have not found any case in which we have affirmed such a decision in the face of such a strong indication that the court may have made an

___

been granted, defendant's statement supplied the necessary evidence of the roles of others for purposes of U.S.S.G. § 3B1.2).

We note that the Sentencing Commission has said: "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S. Sentencing Guidelines Manual § 3B1.2, cmt. n.1 (1998). *See* Timothy P. Tobin, Comment, *Drug Couriers: A Call For Action by the U.S. Sentencing Commission*, 7 Geo. Mason L. Rev. 1055, 1095 (1999) (suggesting Probation Office's investigation of a defendant's financial circumstances for "unaccountable wealth" could assist in making these determinations in drug courier cases).

[4]It is always helpful when the district court does explain the basis for its decisions, and when a sentencing judge rejects an adjustment to which the prosecution has stipulated, specific findings are especially helpful.

error of law.  Moreover, in *Sukiz-Grado*, to take one example, we found support in the record for denial of the adjustment in the fact that the defendant had a prior conviction involving drug smuggling.  *Id.*  Here, by contrast, the government stipulated that a three level reduction would be appropriate.[5]

Here the judge's critical comment, made without reference to the specific facts and circumstances of this case, tends to support the claim that the judge made an error of law.  We are troubled especially by the court's statement that ". . . I do not believe that *persons* who knowingly drive a vehicle loaded with drugs into this country are minor participants or minimal participants."  Sentencing transcript at 9 (emphasis added).  This statement suggests that the judge did not focus on this defendant individually, despite the principle that this issue "involves a determination that is heavily dependent upon the facts of the particular case."  U.S. Sentencing Guidelines Manual § 3B1.3, cmt. background (1998).

The government argues that we can infer that the district judge considered all the facts and circumstances to find that defendant was not a minor/minimal participant in the smuggling enterprise.  This inference is said to be supported by the judge's statement that

---

[5]In response to the government's brief, defendant asserts that the government should not be heard to argue that he was not a minor participant because that position is contrary to the position the government took below by stipulating that he was a minor participant.  Defendant acknowledges, however, that this circuit has rejected the rule of judicial estoppel, *see United States v. 49.01 Acres of Land*, 802 F.2d 387, 390 (10th Cir. 1986), and notes that he makes this argument to preserve the issue.  His assertion is noted, but we have fully considered the government's argument because this panel is bound by prior circuit precedent to do so.

he "would note that the Court disagrees on the role adjustment *in this case*." Sentencing Transcript at 3 (emphasis added); Appellee's Answer Brief at 10.

We are not persuaded. The more telling statement was that made by the judge just after the arguments at the sentencing hearing and the defendant's allocution. The judge then announced: "As I said earlier, I do not believe that *persons* who knowingly drive a vehicle loaded with drugs into this country are minor participants or minimal participants." Sentencing transcript at 9 (emphasis added). It seems more reasonable to view the judge's ruling as a *per se* rule that was applied.

We conclude that we must remand this case to the district court for reconsideration under the proper legal standard. Accordingly the case is **REMANDED** for reconsideration of the sentence consistently with this opinion.

ENTERED FOR THE COURT

William J. Holloway, Jr.
Circuit Judge