**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 7 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

GARLAND TORREZ,

　　　　Defendant - Appellant.

No. 03-2089

(D.C. No. CR-02-1463 - JC)

(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **McKAY** , and **HARTZ** , Circuit Judges.

---

On May 8, 2002, Defendant was stopped at a Border Patrol checkpoint on Interstate 25 near Truth or Consequences, New Mexico. After he gave officers permission to search his vehicle, they found nearly 20 kilograms of marijuana in the trunk and arrested him. Defendant pleaded guilty to possessing less than 50 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C.

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§§ 841(a)(1) and 841(b)(1)(D).  At sentencing, Defendant asserted that he was entitled to a four-level downward adjustment in his offense level because he was a "minimal participant" under U.S.S.G. § 3B1.2.  The district court denied the adjustment and sentenced him to 18 months in prison.  Defendant appeals.

A sentencing court's refusal to award a defendant minimal-participant status is a finding of fact that we review for clear error.  United States v. Virgen-Chavarin, 350 F.3d 1122, 1131 (10th Cir. 2003).  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

U.S.S.G. § 3B1.2 provides for a downward adjustment for defendants who were minimal or minor participants in an offense.  It applies to a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant."  U.S.S.G. § 3B1.2, Application Note 3(A).  "'A defendant has the burden of establishing, by a preponderance of the evidence, that he is entitled to a reduction in [his] base offense level under § 3B1.2.'"  Virgen-Chavarin, 350 F.3d at 1131 (quoting  United States v. Onheiber, 173 F.3d 1254, 1258 (10th Cir. 1999)).  We have held that a drug courier is not necessarily a minimal participant in a drug transaction.  See United States v. Sukiz-Grado, 22 F.3d 1006, 1009 (10th Cir. 1994); see also United States v. Ballard, 16 F.3d 1110, 1115 (10th Cir. 1994) (noting that courier's transportation of drugs is "as indispensable to the completion of the criminal activity as those of the seller . . .

and the buyer. . . ." (internal quotation marks and citation omitted)). Furthermore, to weigh the relative culpability of participants, "evidence must exist of other participants and their role in the criminal activity." Sukiz-Grado, 22 F.3d at 1009 (internal quotation marks omitted). "The defendant's own assertion that he was a minimal participant is not enough to overcome the clearly erroneous standard." Virgen-Chavarin, 350 F.3d at 1131.

The record provides no information about the scheme in which Defendant was involved. By Defendant's own admission, "[t]he only evidence on this issue before the trial court was [Defendant's] statement . . . that [he] was to deliver the marijuana to another individual and receive payment of $1,000. . . ." Aplt. Br. at 4. Defendant contends that he is entitled to the downward adjustment because this evidence "shows that [Defendant] was merely a courier with no personal ownership interest in the contraband, who was to be paid a modest flat sum for his participation." Id. We disagree. This evidence did not require the court to find that Defendant was "substantially less culpable than the average participant," see U.S.S.G § 3B1.2, Application Note 3(A). Indeed, it tells the court little about other participants or their relative levels of culpability. The district court did not clearly err in finding that Defendant was not a minimal participant.

We AFFIRM the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge