956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Porfirio PAZ-AGUIRRE, Defendant-Appellant.
 No. 91-2137.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Porfirio Paz-Aguirre appeals the sentence imposed upon him after his guilty plea to possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). The only issue on appeal is whether the district court either misapplied U.S.S.G. § 3B1.2 or was clearly erroneous when it denied minor participant status to defendant, which would have entitled him to a two point reduction in his offense level.
 
 
 3
 Defendant points to application note 2 under U.S.S.G. § 3B1.2, which indicates that it may be appropriate to give a downward adjustment when "an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." The evidence indicated that defendant and another individual were apprehended crossing the border with Mexico in a car owned by defendant. In a hidden compartment built between the fuel tank and the luggage area of the vehicle there were twenty packages containing thirty-three kilograms of marijuana. Defendant admitted that he knew the marijuana was there and he intended to deliver it to someone in California for distribution. Defendant's case for minor participant status is based upon his statement given to the probation officer that some other person in New Mexico constructed the secret compartment and concealed the marijuana, that defendant was not aware how much marijuana was placed in his car, "My job was only to transport the marijuana. That is, I was hired to drive the car containing the marijuana to California where the marijuana would be turned over to someone else for, I presume, distribution." II R. 3.
 
 
 4
 The district court rejected minor participant status, saying only
 
 
 5
 The defendant owned the car, he was driving the car. There is just no indication of minor participant in this case, in this matter. Therefore, I will not grant that.
 
 
 6
 .............................................................
 
 
 7
 ...................
 
 
 8
 * * *
 
 
 9
 The court takes judicial notice that defendant was an equal participant in the commission of the offense, which involved thirty-three kilograms of marijuana. Actually, if he was anything, he was more than equal. If anything, he was a major participant.
 
 
 10
 I Supp.R. 9-10.
 
 
 11
 We cannot hold that the district court either misapplied the guidelines or made a clearly erroneous fact finding. Our cases make clear that mere courier status by itself is not enough to earn a defendant a two point reduction as a minor participant. See, e.g., United States v. McCann, 940 F.2d 1352, 1359 (10th Cir.1991); United States v. Arredondo-Santos, 911 F.2d 424, 426 (10th Cir.1990). Thirty-three kilos of marijuana is not an insignificant amount. Defendant was the owner of the vehicle and surely the secret compartment was either built into the vehicle or filled with marijuana with his knowledge. There is simply no evidence of other persons being significantly more culpable than defendant in this smuggling operation.
 
 
 12
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3